IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARY LYNN HARTZ,

                Plaintiff,

v.                                           CIVIL ACTION NO. 2:09-cv-01267

INDYMAR FEDERAL BANK,

                Defendant.

**MEMORANDUM OPINION & ORDER**

In late November 2009, the plaintiff filed with this court an Application to Proceed without Prepayment of Fees and Costs [Docket 1], a Motion to Reverse Settlement [Docket 2], and a Motion for Injunction [Docket 4]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court deny these motions and dismiss this action with prejudice [Docket 5]. Since the PF&R was filed, the plaintiff has filed a Motion to Reconsider her Motion for Preliminary Injunction [Docket 8], a Motion to Reconsider her Application to Proceed without Prepayment of Fees or Costs [Docket 9], and a Motion to Produce Original Promissory Note [Docket 10].

The Magistrate Judge concluded that this court is without jurisdiction to hear the plaintiff's claims under the *Rooker-Feldman* doctrine. The Supreme Court has recently clarified that this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Magistrate Judge proposed a finding that the plaintiff is "challenging one or more state court orders to evict her from 1325 Summit Drive, and that this court's review of those decisions amounts to an appeal therefrom, and is barred by the *Rooker-Feldman* doctrine." (PF&R at 6.)

The court agrees with the thorough analysis of the Magistrate Judge. This court is without jurisdiction to hear the plaintiff's claims. Accordingly, this court **DENIES** the plaintiff's motions [Docket 1, 2, 4, 8, 9, & 10] and **ADOPTS** the Magistrate Judge's PR&R [Docket 5]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 7, 2009

Joseph R. Goodwin, Chief Judge